UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thaddeus J. Sikorski, <br> Plaintiff, | CASE NO.: 2:24-cv-03848-BHH-MHC |
| v. | **COMPLAINT** <br> **(Jury Trial Demanded)** |
| FedEx Freight, Inc., <br> Defendant. | |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. A charge of employment discrimination on basis of age and racial discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from EEOC on or about April 15, 2024.

    c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Thaddeus J. Sikorski, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, FedEx Freight, Inc., upon information and belief, is a foreign corporation organized in the State of Arkansas and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

1

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about August 23, 2003, the Plaintiff (Caucasian) began working for the Defendant as a Driver and most recently as a Road Driver.

11. The Plaintiff was fifty (58) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. In or around January 2023, Plaintiff was yelled at, cussed at, and stalked by a younger African American co-worker, an Atlanta driver.

13. Plaintiff reported the incident and the ongoing stalking, but Plaintiff was written up after his complaint.

14. In response to his complaints, Plaintiff was accused of racial discrimination himself, to which he reported as age and racial discrimination and retaliation for his prior report.

15. Plaintiff continued to be harassed and stalked by the younger Atlanta driver and kept reporting, but nothing was done.

16. On or about June 5, 2023, Plaintiff was driving at nighttime and ran over some debris on the highway. Plaintiff called this incident in, and this was his first incident.

17. Shortly after the June 5, 2023, incident Plaintiff was placed on an indefinite suspension.

18. Plaintiff's African American and younger co-workers (drivers) had been in multiple accidents or incidents, and they had not been suspended indefinitely.

19. Plaintiff complained that his indefinite suspension was discriminatory based on his race and age.

20. Plaintiff complied with the internal grievance procedures again reporting racial and age discrimination, and retaliation.

21. Plaintiff's grievance was denied and Plaintiff was terminated on or about July 5, 2023.

22. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. Plaintiff was a member of a protected group on the basis of his age. Plaintiff was an employee for a position that he was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from his position due to his age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

25. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ Plaintiff due to his age; and

   b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff.

26. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

27. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, he would not have been terminated.

28. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Title VII – Racial Discrimination

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

31. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.    In failing to continue to employ Plaintiff due to his race;

    b.    In showing preferential treatment to African American employees and detrimental treatment to Plaintiff; and

    c.    In discharging Plaintiff due to his race and in retaliation for reporting of the discriminations and inappropriate behaviors.

32. That in failing to protect Plaintiff from racial discrimination, disparate treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

33. Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, disparate treatment and retaliation to exist in the workplace.

34. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

35. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

36. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

37. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

38. That the aforesaid discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

39. As a direct and proximate result of the discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, loss of income and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
### Retaliation

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. As alleged above, Plaintiff complained to the Defendant on several occasions about age and racial discrimination.

42. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

43. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

44. The Defendant's stated reason for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

45. The Plaintiff's reports of age and racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of age and racial discrimination, he would not have been terminated.

46. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

47. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

48. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

49. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

50. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

51. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have his lost wage amount doubled against the Defendant.

## REQUEST FOR RELIEF

52. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

53. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay and other work benefits.

54. Because of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact said amount to be doubled; and

5. Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. ID# 13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
July 3, 2024.